UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

      Plaintiff,

                                          CASE NO.

vs.

SEA 21-21 LLC,

      Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.      Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured's insurance agent, Global Insurance Brokers, Inc, located at 5698 NE 7th Avenue in Fort Lauderdale, FL 33334, and because the policy

1

contains a valid and enforceable forum selection clause establishing jurisdiction where the Assured's insurance agent resides.

3.      This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.      Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5.      Upon information and belief, the Defendant SEA 21-21 LLC, is a corporation organized and existing under the laws of the state of Florida, with its principal place of business located in Miami, Florida.

## FACTUAL ALLEGATIONS

6.      On or about April 12, 2018, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.      A true and correct copy of the said application, completed and signed by Defendant, and submitted to Plaintiff on or about April 12, 2018 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8.      The application states that Jorge Fernandez is the beneficial owner of the vessel and one of the operators. *See* Ex. 1, pp.'s 1, 3.

9.      The section of the application requesting information on any loss payee(s) is blank.

2

10.     The section of the application requesting information on any additional insureds is blank. *See* Ex. 1, p. 4.

11.     The application asks the following question: "Have you or any named operator been involved in a loss in the last 10 years (insured or not)" and the box for "No" is checked. *See* Ex. 1, p. 4.

12.     In addition, the application asks of each operator: "Have you been involved in a Loss in the last 10 years (insured or not)? If YES, please give details and amounts paid" to which the response for operator Jorge Fernandez is "NO."

13.     On or about March 19, 2018, Plaintiff GREAT LAKES, in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/166843, affording Hull & Machinery coverage in the amount of $400,000.00 for a period of one (1) year commencing on March 5, 2018, on the 1996 65 ft Ocean Tech vessel named "LA BESTIA" (hereinafter "the Vessel") which was alleged to be owned by the said Defendant.

14.     Plaintiff agreed to issue Policy No. CSRYP/166843 based upon the representations set forth in and the material information disclosed in the application.

15.     On or about March 22, 2019, Defendant submitted to the Plaintiff, via Defendant's agent, a Renewal Questionnaire for coverage of "LA BESTIA." Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to continue providing insurance coverage.

16.     A true and correct copy of the said Renewal Questionnaire, completed and signed by Defendant, and submitted to Plaintiff on or about March 22, 2019, by and on behalf of the Defendant by its agent is attached hereto as Exhibit 2.

17.     The Renewal Questionnaire asks whether each operator "ha[d] been involved in a

Loss in the last 10 year (insured or not)? If YES, please give details and amounts paid" to which

the response for operator Jorge Fernandez is "No." *See* Ex. 2, p. 2.

18.     The Renewal Questionnaire asks "Have there been any other changes since your

last signed application form? If so, please detail" to which the response is "No." *See* Ex. 2, p. 3.

19.     In response to the request in the Renewal Questionnaire for the "full name and

address of any loss payee(s)" it is written "Sea 21-21 LLC." *See* Ex. 2, p. 3.

20.     On or about March 22, 2019, Plaintiff GREAT LAKES, in exchange for good and

valuable consideration issued to the Defendant named herein its Marine Insurance Policy No.

CSRYP/174282, affording Hull & Machinery coverage in the amount of $400,000.00 for a period

of one (1) year commencing on March 5, 2019, on the 1996 65 ft Ocean Tech vessel named "LA

BESTIA" which was alleged to be owned by the said Defendant.

21.     Plaintiff agreed to issue Policy No. CSRYP/174282 based upon the representations

set forth in and the material information disclosed in the application and the Renewal

Questionnaire, attached hereto as Exhibits 1 and 2, respectively.

22.     A true and correct copy of Plaintiff's Policy No. CSRYP/174282, including Policy

Schedule, policy language, and all policy endorsements, is attached hereto as Exhibit 3.

23.     On or around February 26, 2020, during the period of Plaintiff's Policy No.

CSRYP/174282, the 1996 65 ft Ocean Tech vessel named "LA BESTIA" which was alleged to be

owned by the said Defendant was involved in an incident in which it has been alleged that certain

damage was sustained after the Vessel caught fire and sank while en route from Pompano Beach,

FL to Bimini.  A true and correct copy of the Plaintiff's first notice of the loss, in the form of an

email dated February 28, 2020 from the Defendant's agent, broker Jose Figueroa of Global Insurance Brokers, Inc., to Samantha Thomas of Concept Special Risks Ltd. (hereinafter "Concept"), is attached hereto as Exhibit 4.

24.     Concept is the managing general agent of GREAT LAKES.

25.     Upon receipt of the first notice of the February 26, 2020 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

26.     The said investigation established that the Defendant had misrepresented or failed to disclose numerous material facts on the original application and on the Renewal Questionnaire for the policy of marine insurance.

27.     The said investigation established that, when the original application and the Renewal Questionnaire were submitted, the Vessel's prior owner, Deborah Tynes, still held a mortgage on the Vessel.

28.     The said investigation established that the original application and the Renewal Questionnaire misrepresented and/or failed to disclose material facts by indicating that there either was no loss payee or that the Assured was the loss payee, when in fact Deborah Tynes was the proper loss payee as the mortgage holder.

29.     Had the Plaintiff known that Ms. Tynes was the proper loss payee, Underwriters would have required that she be named as an additional insured under the policy, after having her complete and co-sign the application.

30.     In order to be included as an additional insured on any policy, Plaintiff would have inquired into Ms. Tynes' prior loss history.

5

31.     The said investigation established that Ms. Tynes had suffered a prior loss when the "LA BESTIA" partially sank in 2012.

32.     The said investigation established that the Renewal Questionnaire misrepresented and/or failed to disclose material facts by stating that Mr. Fernandez had no prior losses, when in fact Mr. Fernandez had been involved in a prior loss in May 2018 when a crew member aboard another vessel, the "ORANGE TWISTER" slipped and injured himself, resulting in a third-party liability claim to GREAT LAKES under Plaintiff's Policy No. CSRYP/161642.

33.     Mr. Fernandez was the beneficial owner of the vessel under Plaintiff's Policy No. CSRYP/161642, in addition to being one of the named operators.

## FIRST CAUSE OF ACTION
### (Misrepresentation of Material Facts)

34.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

35.     Plaintiff's policy states in pertinent part:

> 9. General Conditions and Warranties
> *****
> m) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

36.     The Defendant breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's decision to accept the risk of insuring the vessel.

6

37.     The Defendant misrepresented and/or failed to disclose material facts concerning the existence of the proper loss payee, Ms. Tynes, her prior loss history, the Vessel's prior loss history, and Mr. Fernandez's prior loss history.

38.     Had the Defendant disclosed the material facts referred to herein, the Plaintiff would not have agreed to ensure the Vessel and/or would not have agreed to issue Policy No. CSRYP/166843 or Policy No. CSRYP/174282 and/or would have charged a higher premium.

39.     Defendant's misrepresentation and/or failure to disclose materials facts constitutes a breach of the duties imposed on an assured by the express terms of the policy and under applicable principles of federal admiralty law.

40.     Due to Defendant's misrepresentation of material facts at time it applied for the policy of marine insurance, Policy No. CSRYP/174282 is void from its inception.

41.     Notwithstanding the Defendant's misrepresentation of material facts at the time it applied for the policy of marine insurance, Defendant SEA 21-21 LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

42.     As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/174282.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

43.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of February 26, 2020 in which the insured vessel is alleged to have sustained damage;

(B)     Declaring that the Defendant's misrepresentation of material facts on the application for marine insurance and the Renewal Questionnaire voids Plaintiff's Policy No. CSRYP/174282 from its inception;

(C)     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:          July 13, 2020
                Fort Lauderdale, Florida

                                    GOLDMAN & HELLMAN
                                    *Attorneys for Plaintiff*
                                    8751 W. Broward Boulevard
                                    Suite 404
                                    Fort Lauderdale, Florida 33324
                                    Tel (954) 356-0460Fax (954) 832-0878

                                    By:  ___/s/ Steven E. Goldman_____
                                          STEVEN E. GOLDMAN, ESQ.
                                          FLA. BAR NO. 345210