UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

vs.

    Case No. 1:20-cv-22865-UU

SEA 21-21 LLC,

    Defendant.

_____/

## DEFENDANT'S ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO AMENDED COMPLAINT (Doc. 20)

Defendant, Sea 21 - 21 LLC ("Sea 21"), by through its undersigned attorneys, hereby files this Answer to Plaintiff's Amended Complaint (Doc. 20) as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 is admitted insofar as it is jurisdictional in nature. It is denied to the extent that it implies any right of recovery on the part of Plaintiff.

2. Paragraph 2 is denied.

3. Paragraph 3 is admitted.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 4.

5. Paragraph 5 is admitted.

### FACTUAL ALLEGATIONS

6. Paragraph 6 is denied.

7. Paragraph 7 is denied

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 15.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 20.

21. Paragraph 21 is denied.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 27.

28. Paragraph 28 is admitted.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 29.

30. Denied to extent paragraph 20 alleges that Jose Figurueroa is Defendant's "Agent."

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 31.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 32.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 35.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 39.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

## FIRST CAUSE OF ACTION

43. Paragraph 43 is denied.

44. The allegations of paragraph 44 are based on the policy which speaks for itself. All allegations inconsistent therewith are hereby denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

## Affirmative Defenses

1. To the extent any language contained within the Policy at issue is vague or ambiguous, it must be construed against the Plaintiff and in favor of this Defendant with respect to any and all claims for indemnity or coverage associated with the underlying incident.

2. To the extent that Plaintiff has denied coverage for indemnity to this Defendant, Plaintiff is subject to all bad-faith penalties available under Florida law, including Defendant's attorneys' fees pursuant to §627.428 and/or §626.9373 Fla. Stat., or alternatively New York common law.

## **COUNTERCLAIM FOR BREACH OF CONTRACT AND DAMAGES**

Defendant, Sea 21, by and through its undersigned attorneys, hereby countersues Plaintiff Great Lakes Insurance SE and alleges as follows:

1. Great Lakes, through its agent, Global Insurance Brokers, Inc., sold a Marine Insurance Policy No. CSRYP/174282, affording Hull & Machinery coverage for the period of one year commencing on March 22, 2019 on the 1996 65 ft. Ocean Tech vessel named La Bestia owned by the Defendant Sea 21.

2. On or around February 26, 2020, during the period of the aforementioned Policy No. CSRYP/174282, the insured vessel La Bestia caught fire and sank while en route from Pompano Beach, Florida to Bimini.

3. Great Lakes has now denied coverage for precisely the risk for which its Policy was issued, without any rational or legal basis for doing so.

4. Sea 21 has performed all conditions precedent necessary to the bringing of this action, or the performance of such conditions has been excused or waived.

5. Great Lakes' denial of Sea 21's claim constitutes a breach of Policy No. CSRYP/174282. Sea 21 has been damaged in the form of the insured value of the vessel La Bestia, prejudgment interests and the cost of the insurance at issue.

6. Sea 21 has retained the services of the undersigned attorneys to bring this action and has agreed to pay them a reasonable fee.

WHEREFORE, Defendant, Sea 21, demands judgment against Great Lakes in an amount to be proven at trial, court costs, interest, reasonable attorney's fees pursuant to §627.428 and/or

§626.9373 Fla. Stat., or alternatively New York common law and such other relief as this Court deems just and proper.

Dated:

                                      Respectfully submitted,

                                      Christopher Lynch, Esq.
                                      Hunter & Lynch, P.A.
                                      6915 Red Road, Suite 208
                                      Coral Gables, FL 33143
                                      Tel: 305-443-6200

                                      By:<u>/s/ Christopher J. Lynch</u>
                                      CHRISTOPHER J. LYNCH
                                      FLA. BAR. NO. 331041

                                              and

                                      Henry E. Marinello, Esq.
                                      Law Office of Henry Marinello, P.A.
                                      P.O. Box 562516
                                      Miami, FL 33256
                                      Hmarinello@hemlegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record Steven E. Goldman, Esq. 8751 W. Broward Blvd. Suite 404, Ft. Lauderdale, FL 33324:

    Respectfully submitted,

    Christopher Lynch, Esq.
    Hunter & Lynch, P.A.
    6915 Red Road, Suite 208
    Coral Gables, FL 33143
    Tel: 305-443-6200

    By:/s/ Christopher J. Lynch
    CHRISTOPHER J. LYNCH
    FLA. BAR. NO. 331041