UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

      Plaintiff,

                                         Case No. 1:20-cv-22865-UU

vs.

SEA 21-21 LLC,

      Defendant.

_____/

**DEFENDANT SEA 21-21 LLC's STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF GREAT LAKES INSURANCE SE's STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 69)**

Pursuant to Local Rule 56.1, the Defendant SEA 21-21 LLC ("SEA-21"), hereby files this Statement of Material Facts in Opposition to Plaintiff Great Lakes Insurance SE's ("Great Lakes") Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment as follows.

**I.**    **SEA-21's RESPONSE TO GREAT LAKES' STATEMENT OF MATERIAL FACTS (ECF No. 69)**

1.    Undisputed.

2.    Undisputed.

3.    Undisputed.

4.    Disputed. The Original Application lists Jorge Fernandez as the beneficial owner of the vessel La Bestia and not the corporation SEA-21. (See Original Application, ECF 62).

1

5.      Undisputed.

6.      Undisputed.

7.      Undisputed.

8.      Undisputed.

9.      Undisputed.

10.     Undisputed.

11.     Undisputed.

12.     Undisputed.

13.     Undisputed.

14.     Undisputed.

15.     Undisputed.

16.     Undisputed.

17.     Undisputed.

18.     Undisputed.

19.     Undisputed.

20.     Undisputed.

21.     Undisputed.

22.     Undisputed.

23.     Undisputed.

24.     Undisputed.

25.     Undisputed.

26.     Undisputed.

27.     Disputed that the May 9, 2018 incident was not properly disclosed as a "loss" that Mr. Fernandez incurred as there is no evidence he was operating a vessel at that time and the May 9, 2018 claim did not involve a vessel owned by SEA 21, the insured under the policy in question in this case. Rather, the loss was under Plaintiff's Policy No. CRSYP/161642 which insured Sea 20-20 LLC and Jet Boat Miami. (See email from Nautilus investigators to Concept Special Risks, ECF No. 69-4).

28.     Undisputed that Erick Largacha was a crew member of board "Orange Twister" insured under Policy No. CSRYP/161642 but disputed that he was injured while aboard the vessel. Rather, he slipped on a pier. Depo. Jorge Fernandez March 26, 2021, ECF No. 69-7 at 36:4).

29.     Undisputed.

30.     Undisputed.

31.     Undisputed.

32.     Disputed that the loss or claim referred to was a loss "suffered" by Jorge Fernandez since he was not the owner of the vessel upon which Largacha was a crew member and he was not operating the vessel at the time of loss. (Id.)

33.     Disputed that the insured Sea 21 suffered four additional losses that were not properly disclosed on either the Original Application or Renewal Application. The losses were suffered by either Sea 20-20 or Jet Boat Miami. (Depo. Beric Usher, August 4, 2021 ECF No. 80-1 at 26-27).

34.     Disputed that the email in spanish from Jorge Fernandez to José Figueroa states that La Bestia "suffered an incident resulting in the vessel being placed in drydock" in and around July 2016. Rather, the vessel was in dry dock for routine maintenance. (Depo. Jorge Fernandez, ECF No. 69-7 at 10-11).

35.     Disputed that La Bestia was put in drydock for repairs in July 2016 because it had struck a sandbar. Mr. Fernandez testified repeatedly that he had never run aground. (Id. at 9-16).

36.     Disputed that the record references - deposition of Jorge Fernandez, dated July 21, 2021 - indicates that Mr. Fernandez stated Cardoza was injured or she was injured

aboard a vessel owned by SEA 21 or Jet Boat Miami LLC. Rather, Fernandez only states there was an incident but "nothing happened to her." (ECF No. 69-7 at 45:20-21). Fernandez also testified that he believes the claim was brought against Jet Boat Miami (Id. at 48: 12-13).

37.     Disputed. The initial attorney letter requested insurance information on (ECF No. 69-8) on Sea 21 and Jet Boat Miami but the claim was brought against Jet Boat Miami, which owned the vessels. (Depo. Fernandez, July 21, 2021, ECF No. 69-7 at 48).

38.     Disputed to extent that it is stated that "Lanier was injured," since Mr. Fernandez disputes that she was injured. (Depo. Jorge Fernandez, July 21, 2021, at 19). All other statements are undisputed.

39.     Undisputed.

40.     Undisputed.

41.     Disputed only to extent it is stated Mr. Fernandez "owned" Jet Boat Miami. Rather, Mr. Fernandez was a 25% stockholder in jet boat Miami. (Id. at 19:13-16).

42.     Undisputed.

43.     Undisputed.

44.     Undisputed.

45.     Undisputed.

46.     Undisputed that Mr. Usher stated this in his Declaration.

47.     Undisputed that Mr. Usher states this in his Declaration.

48.     Undisputed that Mr. Usher states this in his Declaration.

49.     Undisputed.

50.     Undisputed.

51.     Disputed. The July 2016 incident was not a loss but a claim and it involved a different insured.

52.     Disputed.   The August 6, 2016 incident was not a loss but a claim and it involved a different insured.

53.     Disputed. The August 6, 2016 incident was not a loss but a claim and it involved a different insured.

54.     Disputed that SEA 21 admitted it received a $50,000 reduction in purchase price. As the exhibit referred to, ECF 60, Exhibit 13 at 9 states "50,000 deferred due to oil analysis of center engine. Any monies not apply to center engine are due to lender 120 days from signing . . . .".   Also, Jorge Fernandez testified he purchased the vessel for $400,000; and the Bill of Sale states $400,000. (See Depo. Beric Usher, April 7, 2021, Exhibit 15, ECF No.82-1 at 131).

55.     Undisputed.

56.     Undisputed.

57.     Undisputed.

58.     Undisputed that Mr. Boulon opines this in his Declaration.

59.     Undisputed That Mr. Boulon opines this in his Declaration.

60.     Undisputed that Mr. Boulon opines this in his Declaration.

61.     Undisputed that Mr. Usher opines this in his Declaration.

62.     Disputed that SEA-21 received a $50,000 reduction in the $400,000 purchase price of La Bestia. Following, the purchase of La Bestia, Jorge Fernandez invested $46,176.42 in improvements to the vessel. (Depo. Fernandez, March 26, 2021, ECF No. 69-7 at 62). This expenditure meant that Fernandez would pay the balance of $3823.58 to the seller for a total price of $400,000. (ECF No. 69-14).

63.     Undisputed that Mr. Boulon opined this in his Declaration.

64.     Disputed to extent that it is stated Mr. Fernandez "sought to distance himself from the information" contained on the list because there is no such evidence.

65.     Disputed that SEA-21 spent only $37,754.49 on the improvements to La Bestia. Sea 21 submitted a list to Concept the underwriter, listing improvements in the amount of $324,185 (ECF No. 62 at ¶18; ECF No. 62-3 at 1-3).   Mr. Fernandez also

indicated that in his estimation the cost of the improvements and labor was $432,532.14. (ECF No. 60-3 at 2).

66.     Undisputed.

67.     Undisputed.

## II.    <u>ADDITIONAL FACTS</u>

68.     The bill of sale for La Bestia, signed by the seller Deborah Tynes and notarized, indicates a purchase price of $400,000. (See Depo. Beric Usher, April 7, 2021, Exhibit 5, ECF No. 82-1 at 131).

69.     Great Lakes' underwriter, Beric Usher, agreed that if Jorge Fernandez paid the seller Ms. Tynes, $350,000 for la Bestia and invested $50,000 in the engines or less than $50,000 and paid Ms. Tynes the difference, Great Lakes could have no basis to deny the claim based on a misrepresentation of the purchase price. (Depo. of Beric Usher, ECF No. 81-1 at 27-29).

70.     The Marine Note, Security Agreement and Power of Attorney executed in conjunction with the sale of La Bestia indicates a purchase price of $400,000 with "$50,000 deferred due to oil analysis of center engine, any monies not apply to center engine are due to lender 120 days from signing today Feb. 16, 2016." (ECF No. 69-13).

71.     Following purchase of La Bestia, Fernandez invested $46,176.42 in La Bestia. (Depo. Fernandez, March 26, 2021 ECF 60-2 at 62). This amount meant that Fernandez would pay $3823.58 to make the total purchase price $400,000. (ECF No. 69-14).

72.     "Mr. Fernandez is not Jet Boat Miami, that's a corporation." (Depo. Jose Figueroa, ECF No. 80-1 at 27).

73.     As the broker Figueroa stated, any losses or claims that have to do with anything not related to La Bestia's operation or if it is related to a different corporation, it is not material to the Sea 21 application or risk. (Id. at 48-49).

74.     The broker Figueroa was aware of the Cardoza, Lanier, Diaz and Largacha claims but none of those were material to the SEA-21 application for coverage on a privately owned yacht, La Bestia. (Id. at 64-67).

75. Once Mr. Fernandez requested an increase in the hull value, he never requested a specific amount. (Depo. Jorge Fernandez, ECF No. 69-7 at 91). His company did much of the labor regarding the work done on La Bestia and he sent 197 pages outlining the work undertaken to the broker. (Id.).

76. The broker reviewed the 197 pages and sent the underwriter, Concept, a summary totaling $324,185. (ECF No. 69-3).

77. Following review, Great Lakes, through Concept, agreed to increase the insured hull value by $160,000 to $560,000. (ECF No. 62-5 at 33).

Respectfully submitted,

Christopher Lynch, Esq.
Hunter & Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, FL 33143
Tel: 305-443-6200

By:/s/ Christopher J. Lynch
CHRISTOPHER J. LYNCH
FLA. BAR. NO. 331041

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record Steven E. Goldman, Esq. 8751 W. Broward Blvd. Suite 404, Ft. Lauderdale, FL 33324:

Respectfully submitted,

Christopher Lynch, Esq.
Hunter & Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, FL 33143
Tel: 305-443-6200

By:/s/ Christopher J. Lynch
CHRISTOPHER J. LYNCH
FLA. BAR. NO. 331041

8